41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie GIBSON, doing business as Just Rite Drugs, Defendant-Appellant.
 No. 94-6621.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Ronnie Gibson, a federal prisoner, appeals his conviction on one count of conspiracy to commit an offense against the United States in violation of 18 U.S.C. Sec. 371, forty-two counts of mail fraud in violation of 18 U.S.C. Sec. 1341, and fifteen counts of Medicaid fraud in violation of 42 U.S.C. Sec. 1320a-7b(a)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Gibson and his wife, doing business as "Just Rite Drugs," were indicted in June 1993 on the charges described above. On September 21, 1993, a jury found Ronnie Gibson guilty of all counts, but acquitted Connie Gibson. The district court sentenced Gibson on December 3, 1993, to 41 months in prison on each count, to run concurrently, and three years of supervised release. The court also imposed a $2,900 special assessment and ordered Gibson to pay $193,663.28 in restitution.
 
 
 4
 On appeal, Gibson argues that the district court violated his Sixth Amendment right to compulsory process by excluding the testimony of defense witnesses and the admission of related documents as sanctions for defense counsel's failure to provide the documents to the United States during discovery. Both parties are represented by counsel who have expressly waived oral argument in this appeal.
 
 
 5
 Upon careful review, we affirm the district court's judgment because the defense witnesses in question were permitted to testify and because the court did not abuse its discretion by excluding impeachment documents as a sanction for violating the discovery rule. See United States v. Muhammad, 948 F.2d 1449, 1454 (6th Cir.1991), cert. denied, 112 S.Ct. 1239 (1992); United States v. Phillip, 948 F.2d 241, 250 (6th Cir.1991), cert. denied, 112 S.Ct. 1994 (1992).
 
 
 6
 Initially, it is clear that Gibson's Sixth Amendment right to compulsory process was not violated. The witnesses in question, Michael and Phil Taylor, did testify in Gibson's defense, with their testimony limited only by the prohibition against admission of hearsay. "The Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system." Taylor v. Illinois, 484 U.S. 400, 412-13 (1988). Accordingly, this allegation is meritless.
 
 
 7
 The district court did not abuse its discretion by excluding admission of the documents referred to by Phil Taylor, which the defense claimed were computer printouts of the pharmacy account files of Kim Gibson, a key government witness. The government objected to admission of these records on the ground that copies were not provided to the government despite three requests for reciprocal discovery. The appellant admits that the government was not provided with the evidence in question until the fourth day of the trial, but argues that the documents were not "within the possession, custody, or control of the defendant" until that day, and so were not subject to reciprocal discovery. This argument is without merit. The record establishes that the documents were generated by the defendant and given by him to his attorney, Phil Taylor. He was, thus, in constructive possession of them and could have instructed Taylor to turn them over to the government. Gibson's further argument that the government already had the documents because the information was stored in the hard drive of his seized computer is equally meritless. Without knowledge of the computer software or just what bits of data to look for, physical possession of the computer was clearly insufficient to satisfy the requirements of Rule 16, Federal Rules of Criminal Procedure.
 
 
 8
 The appellant cites Muhammad for the proposition that "[e]xcluding a critical piece of documentary evidence when a recess or continuance would have adequately protected the [government's] legitimate interests is particularly inappropriate where ... the [defendant] neither willfully nor negligently violated the discovery order." Muhammad, 948 F.2d at 1455. However, the record reflects that the evidence was not critical, but constituted cumulative impeachment evidence and that the defense was, at best, negligent in failing to have Phil Taylor provide the printouts to the prosecution. There was no abuse of discretion in the district court's ruling.
 
 
 9
 Accordingly, the district court's judgment, imposed on December 3, 1993, and entered on December 6, 1993, is affirmed.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation